UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY KYLES,
   Plaintiff,

vs.                         No. 09-1084

JOSEPH MATHY, et.al.,
   Defendants

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of various pending motions including: the plaintiff's motion to amend his complaint [d/e 50]; the plaintiff's motion to compel discovery [d/e 54] and other discovery motions [d/e 62, 69]; and several motions requesting an extension of time. [d/e 53,63,64,83].

### I.  BACKGROUND

The pro se plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 against seven defendants at the Pontiac Correctional Center. The court conducted a merit review of the plaintiff's claims on April 15, 2009. In addition, the court granted partial summary judgement based on failure to exhaust administrative remedies and dismissed Defendants Chris Baughman and Suzann Griswold.

The plaintiff has the following surviving claims against Defendants Warden Joseph Mathy, Assistant Warden Marcus Hardy, Chaplain Eldon Kennell, Food Service Manager Richard Runyon and Medical Director Sylvia Mahone:

> 1) Defendants Warden Joseph Mathy, Assistant Warden Marcus Hardy, Chaplain Eldon Kennell, Food Service Manager Richard Runyon violated the plaintiff's First Amendment right to the free exercise of his religion when he was denied his approved religious diet;
> 2) Defendants Mathy, Hardy, Kennell and Runyon violated the Religious Land Use and Institutionalized Persons Act when the plaintiff was denied an approved religious diet;
> 3) Defendants Mathy, Hardy, Kennell and Runyon violated the plaintiff's Eighth Amendment rights when the plaintiff was not provided a nutritionally adequate diet for approximately 39 days which resulted in health problems and weight loss; and,
> 4) Defendant Medical Director Dr. Sylvia Mahone violated the plaintiff's Eighth Amendment rights when she was deliberately indifferent to the plaintiff's serious medical condition.

### II. MOTION TO AMEND COMPLAINT

The plaintiff has filed a motion for leave to file an amended complaint with a proposed amended complaint attached.[d/e 50] The plaintiff is asking to add two defendants: Illinois Department of Corrections Directors Roger Walker and Michael Randle. The plaintiff says he has

1

learned that Roger Walker was the final policy maker at the time of his claims and Michael Randle is the current head of the Illinois Department of Corrections. The plaintiff says he will be asking for injunctive relief only against these individuals.

The plaintiff's amended complaint repeats his former claims. However, the plaintiff is also claiming that the reason he was denied his required diet is because the IDOC does not have a standard policy concerning dietary restrictions. The plaintiff says he was approved for a vegan diet, but when he was transferred from Stateville Correctional Center to Pontiac Correctional Center, he had to start over again and has waited months for his required diet. The plaintiff alleges he still had not received his required diet when Michael Randle took over as Director of the Illinois Department of Corrections.

To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir.1987). The plaintiff is alleged that IDOC had a custom of revoking approved diets when an inmate was transferred from one facility to another.

The court will allow the plaintiff to amend his complaint to add the two defendants and will allow him to proceed with an official capacity claim against these two individuals only. [d/e 50] The plaintiff has not stated an official capacity claim against any other defendant. In addition, the plaintiff also appears to be attempting to certify his lawsuit as a class action.

First, the plaintiff is not represented by an attorney and does not claim that he is personally an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

Second, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification). Therefore, the court will not certify this lawsuit as a class action.

## III. MOTION TO COMPEL DISCOVERY

The plaintiff has filed a motion to compel discovery claiming that Defendant Mahone did not properly respond to several of his requests for production of documents. [d/e 54] Specifically, the plaintiff objects to the defendant's response to requests # 4, 5, 6 and 11.

The court notes that requests #4, 5, and 6 each ask for information pertaining to complaints or lawsuits against Defendant Mahone that were made by other individuals. The court agrees with the defendant that these requests are overbroad and not relevant to the plaintiff's claims. Whether or not other individuals received proper care from Defendant Mahone has no bearing on what medical care the defendant did or did not provide the plaintiff.

Request #11 asks for "all documents, items of evidences, sworn or unsworn statements or affidavits that relate to the allegations in the plaintiff's complaint that you have in your possession through initial discovery." (Plain Mot, Req #11). The defendant objects that this request is overly broad, vague and not-specific.

The plaintiff is asking for any documents the defendant plans to use in the litigation of this case or any document the defendant finds relevant to the litigation of this case. For instance, if the defendant plans to use copies of any grievances or letters or requests for medical care or any responses the defendant provided to those documents, copies should be provided to the plaintiff regardless of where the defendant obtained those documents. The motion to compel is granted in part and denied in part. The defendant must provide a response to Request #11 within 21 days of this order.

### III. ADDITIONAL DISCOVERY MOTIONS

The plaintiff has filed other motions pertaining to discovery in this case. The plaintiff's motion for a court order allowing him to use camera video equipment to take depositions is denied. [d/e 61]. A stenographer is needed to record the deposition, and the court is not authorized by 28 U.S.C. § 1915 to use public funds for deposition costs. In fact, the statute does not relieve a pro se prisoner proceeding *in forma pauperis* from paying any of his discovery costs. *See Smith v. Pendergrass,*, 2003 WL 21919182, at 2-3 (N.D.Ind.2003). *See also Wright v. United States*, 948 F.Supp. 61, 62 (M.D.Fla.1996) (collecting cases); *see also Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at 1 (N.D.Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).").

The plaintiff has also submitted copies of his "request for written depositions" to the court. [d/e 62] The clerk of the court is directed to strike this document. The plaintiff should not provide copies of his discovery requests to the court. The plaintiff must sent these requests to defense counsel. In addition, the plaintiff should send his questions in the form of interrogatories. *See* Fed.R.Civ.P. 33.

The plaintiff's motion asking the court to provide him with four subpoena's is also denied. [d/e 69] The plaintiff's motions simply asks for four subpoenas. He does not state why he needs the subpoenas or who he would like served or what information he needs. This case is not currently set for trial. In addition, the *in forma pauperis* statute does not provide a waiver of witness fees. *See McNeil v. Lowney*, 831 F.2d 1368 (7th Cir.1987) (finding that the district court did not abuse its discretion by refusing to issue a subpoena to compel testimony from expert medical witnesses because there was no statutory authority to waive payment of witness fees).

Defendants Hardy, Kennell, Mathy, and Runyon motions for additional time to respond to outstanding discovery are granted. [d/e 53, 63]   To the extent that the defendants have not provided responses, they must provide a response to the plaintiff's requests within 14 days of this order. Defendant Griswold's motion for additional time to respond to discovery is denied as moot. [d/e 64] Defendant Griswold has been dismissed from this case.

Defendant Mahone's motion to extend the scheduling deadlines in this case is also granted. [d/e 83]. The court will set new discovery deadlines.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to amend his complaint is granted in part and denied in part. [d/e 50] The court will not certify this lawsuit as a class action.  However, the plaintiff will be allowed to proceed with an official capacity claim against Defendants Roger Walker and Michael Randle. The clerk of the court is directed to add Defendants Roger Walker and Michael Randle to this lawsuit.**

**2) The plaintiff has the following surviving claims:**

> **a) Defendants Warden Joseph Mathy, Assistant Warden Marcus Hardy, Chaplain Eldon Kennell, Food Service Manager Richard Runyon, IDOC directors Roger Walker and Michael Randle violated the plaintiff's First Amendment right to the free exercise of his religion when he was denied his approved religious diet;**
> **b) Defendants Mathy, Hardy, Kennell, Runyon, Walker and Randle violated the Religious Land Use and Institutionalized Persons Act when the plaintiff was denied an approved religious diet;**
> **c) Defendants Mathy, Hardy, Kennell and Runyon  violated the plaintiff's Eighth Amendment rights when the plaintiff was not provided a nutritionally adequate diet for approximately 39 days which resulted in health problems and weight loss; and,**
> **d) Defendant Medical Director Dr. Sylvia Mahone violated the plaintiff's Eighth Amendment rights when she was deliberately indifferent to the plaintiff's serious medical condition.**

**3) The Clerk of the Court is directed to send Notice of Lawsuit and Waiver of Service forms to the two new defendants: Walker and Randle.   A copy of this Case Management Order shall be served with the Complaint and Scheduling Order. The Clerk of the Court is also directed to set this case for a Rule 16 conference date.**

**4) Defendants Walker and Randle shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**5) The plaintiff's motion to compel discovery is granted in part and denied in part. [d/e 54] Defendant Mahone must provide a response to request #11 within 21 days of this order.**

**6) The clerk of the court is directed to strike document #62.  This is not a motion, but instead the plaintiff has filed his discovery requests with the court.  The plaintiff must send his discovery requests to defense counsel.**

**7) The plaintiff's motion asking the court to provide him with four subpoena's is denied. [d/e 69]**

**8) Defendants Hardy, Kennell, Mathy, and Runyon motions for additional time to respond to outstanding discovery are granted. [d/e 53, 63]    To the extent that the defendants have not provided responses, they must provide a response to the plaintiff within 14 days of this order.**

**9)  Defendant Griswold's motion for additional time to respond to discovery is denied as moot. [d/e 64] Defendant Griswold has been dismissed for this case.**

**10) Defendant Mahone's motion to extend the scheduling deadlines in this case is also granted. [d/e 83] The court will abide by the following deadlines:   1) all discovery must be completed on or before January 10, 2011; and 2) any dispositive motions must be filed on or before February 7, 2011.**

Entered this 2nd Day of August, 2010.


/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE